UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br>　　*Plaintiff*,<br><br>v.<br><br>NORDIC BUILDERS OF TOLLAND, LLC, *et al.*<br>　　*Defendants*. | ) CASE NO. 24-cv-01044 (KAD)<br>)<br>)<br>)<br>)<br>)<br>) JULY 28, 2025<br>) |

**MEMORANDUM OF DECISION**
**RE: MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 15)**

Kari A. Dooley, United States District Judge:

　　Plaintiff Atain Specialty Insurance Company ("Plaintiff" or "Atain") commenced this declaratory judgment action seeking a declaration that it has neither a duty to defend nor indemnify Defendant Nordic Builders of Tolland, LLC ("Nordic" or "Defendant") in connection with a personal injury action that is currently pending in the Superior Court of the State of Connecticut (the "Underlying Case").[1] Before the Court is Plaintiff's motion for partial summary judgment, in which Plaintiff asks the Court to declare that Atain does not have a duty to indemnify Nordic. *See* Pl.'s Mot. for Summ. J., ECF No. 15. Defendant opposes, s*ee* Def.'s Opp'n, ECF No. 22, and Plaintiff has filed a Reply in further support. *See* Pl.'s Reply, ECF No. 24. The Court has reviewed the parties' submissions, and for the following reasons, Plaintiff's motion for partial Summary Judgment is GRANTED.

**Standard of Review**

　　The standard under which courts review motions for summary judgment is well established. "The court shall grant summary judgment if the movant shows that there is no genuine

---

[1] Edgar Visuma v. Nordic Builders of Tolland, LLC, Docket No. HHB-CV23-6077349-S.

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," while a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Significantly, the inquiry being conducted by the court when reviewing a motion for summary judgment focuses on "whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. at 250. As a result, the moving party satisfies his burden under Rule 56 "by showing . . . that there is an absence of evidence to support the nonmoving party's case" at trial. *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks omitted). Once the movant meets his burden, the nonmoving party "must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)). "[T]he party opposing summary judgment may not merely rest on the allegations or denials of his pleading" to establish the existence of a disputed fact. *Wright*, 554 F.3d at 266; *accord Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). "In deciding a motion for summary judgment, the district court's function is not to weigh the evidence or resolve issues of fact; it is

2

confined to deciding whether a rational juror could find in favor of the non-moving party." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 254 (2d Cir. 2002).

**Facts and Procedural History**

The following facts are taken from Plaintiff's Local Rule 56(a)(1) Statement of Material Facts ("Pl.'s LRS"), ECF No. 16, the Defendant's Local Rule 56(a)(2) response thereto ("Def.'s LRS"), ECF No. 23, and the parties' exhibits. The facts set forth by Plaintiff are admitted by Defendant unless otherwise indicated.[2]

Plaintiff issued a Commercial General Liability Policy to Nordic, Policy Number CIP414585, which was in effect from December 1, 2020, to December 1, 2021 (the "Policy"). Pl.'s LRS at ¶ 18. Plaintiff attached a copy of the Policy as Exhibit 5 to its Local Rule 56(a)(1) Statement. *See* Pl.'s LRS, Ex. 5 ("Policy"), ECF No. 16-5. The Policy included a "Commercial General Liability Coverage Form," which provides, in pertinent part:

> SECTION I – COVERAGES
>
> COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
>     a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

---

[2] Local Rule 56(a)(2) requires the party opposing summary judgment to submit a statement containing separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)(3). The parties' Local Rule 56(a) statements differ from each other only in that Nordic includes six additional facts in a section titled "Defendant's Counter-Statement of Material Facts," one of which (asserting that "Mr. Visuma was more likely an independent contractor of JMCS not an employee of JMCS") is unsupported by a specific citation to evidence as required by Local Rule 56(a)(3). Indeed, while Nordic asserts that there are genuine issues of material fact that preclude the Court from granting summary judgment, it admits every statement in Plaintiff's Rule 56(a) Statement. *See* Def.'s LRS.

Pl. LRS at ¶ 19; Policy at 55.[3]

The Policy also lists several exclusions, including those in an endorsement covering "Employees, Subcontractors, Independent Contractors, Temporary Workers, Leased Workers, or Volunteers," (the "Employee Endorsement"). Pl.'s LRS at 21; Policy at 21–22.[4] The Employee Endorsement defines various exclusions, including in relevant part, the following:

> Exclusion e., Employer's Liability in Part 2, Exclusions of SECTION I – COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY of the COMMERCIAL GENERAL LIABILITY COVERAGE FORM is replaced by the following:
>
> e. Employer's Liability
>
>> 1. "Bodily injury" to an "employee", subcontractor, employee of any subcontractor, "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" of any insured or any person performing work or services for any insured arising out of and in the course of employment by or service to any insured for which any insured may be held liable as an employer or in any other capacity;
>
>> …
>
> For the purposes of this endorsement, "independent contractor" means one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service. "Independent contractor" includes, but is not limited to, subcontractors and any employees of a subcontractor, any employee of an independent contractor, any "employees" of any insured, agents, representatives, volunteers, spouses, family members of any insured or any Additional Insureds added to this policy.
>
> For the purposes of this endorsement. "Employee" is defined as follows: "Employee" includes a "leased worker".
>
> This exclusion applies to all causes of action arising out of "bodily injury" to any "employee", subcontractor, employee of any subcontractor,

---

[3] The copy of the Policy at ECF No. 1-1 contains multiple sections which are numbered separately. For ease of reference, when citing to the Policy the Court uses the page numbers provided by the CM/ECF system.

[4] The Policy includes additional exclusions in Part 2 of Section I, which provides that "[t]his insurance does not apply to…" before listing several exclusions. Pl.'s LRS at ¶ 20; Policy at 56.

> "independent contractor", employee of any "independent contractor", "temporary worker", "leased worker", "volunteer worker" or any person performing work or services for any insured because of "bodily injury" including care and loss of services.

Pl.'s LRS at ¶¶ 21–22; Policy at 21–22.

On or about February 6, 2023, Codefendant Edgar Visuma ("Visuma") filed the Underlying Action against Nordic. Pl.'s LRS at ¶ 1. Therein, Visuma alleges that Nordic, a construction company, was the owner, agent, and/or was in possession and control of property at 164 Satari Drive in Coventry, Connecticut (the "Premises"), and that while on the premises on February 15, 2021, he attempted to negotiate some stairs, at which time he tripped and fell because the stairs were covered with improperly secured cardboard (the "Incident") *Id.* at ¶¶ 2–5. Visuma alleges that he was injured as a result, and that Nordic's negligence caused his injuries. *Id.* at ¶ 6.

Nordic was the general contractor responsible for building a single-family home on the Premises (the "Project"). *Id.* at ¶¶ 7–8. Nordic subcontracted the Project's flooring work to Dalene Hardwood Flooring Company Inc. ("Dalene"), which in turn subcontracted carpet installation to JMCS Flooring LLC ("JMCS"), Visuma's employer at the time of the Incident.[5] *Id.* at ¶¶ 9–11. Visuma, who had been installing flooring on the Premise's second floor on the date of the Incident, had vacuumed the carpet and was carrying a vacuum down an interior stairway when he fell. *Id.* at ¶¶ 13–15. Following the incident, Visuma filed a worker's compensation claim against JMCS, and was paid worker's compensation benefits. *Id.* at ¶¶ 16–17.

Plaintiff initiated this action on June 13, 2024, seeking a declaratory judgment that coverage for Visuma's injuries was excluded under the Policy and as such, Plaintiff does not have

---

[5] As discussed in further detail below, in its Opposition to Plaintiff's Motion for Summary Judgment, Nordic argues that there are questions of material fact as to JMCS Flooring's status as a subcontractor, Visuma's employment status at the time of the Incident, and whether or not Visuma filed a worker's compensation claim and received benefits. Def.'s Opp'n at 7–8. However, in its Local Rule Statement, Defendant expressly admits all of these facts. Def.'s LRS at ¶¶ 9–11, 16–17.

a duty to defend or indemnify Nordic. Nordic answered Plaintiff's complaint on October 30, 2024, and Plaintiff filed the instant Motion for Partial Summary Judgment on January 17, 2025. Therein, Plaintiff seeks summary judgment only with respect to its request for a declaration regarding its duty to indemnify.

**Discussion**

The dispositive question is whether or not Visuma's injury is excluded under the Policy. "Under Connecticut law, the interpretation of an insurance policy is a question of law for the court." *Arrowood Surplus Lines Ins. Co. v. Westport Ins. Corp.*, No. 3:08-CV-01393 (AWT), 2010 WL 56108, at *2 (D. Conn. Jan. 5, 2010), *aff'd sub nom. Arrowood Surplus Lines Ins. Co. v. Westport Ins. Co.*, 395 F. App'x 778 (2d Cir. 2010) (citing *Pac. Indem. Ins. Co. v. Aetna Cas. & Sur. Co.*, 240 Conn. 26, 30 (1997)). "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy [and] [t]he policy words must be accorded their natural and ordinary meaning[.]" *Aetna Cas. & Sur. Co.*, 240 Conn. at 29–30 (internal quotation marks omitted). The Court "must look at the contract as a whole, consider all relevant portions together and, if possible, give operative effect to every provision in order to reach a reasonable overall result[.]" *Arrowood Indem. Co. v. King*, 304 Conn. 179, 187 (2012). Further, "any ambiguity in the terms of an insurance policy must be construed in favor of the insured [but such rule] may not be applied . . . unless the policy terms are indeed ambiguous [and] the mere fact that the parties advance different interpretations of the language in question does not necessitate a conclusion that the language is ambiguous[.]" *Aetna Cas. & Sur. Co.*, 240 Conn. at 30. The Court will not "torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity[.]" *Hammer v. Lumberman's Mut. Cas. Co.*, 214 Conn. 573, 584 (1990).

Here, the Employee Endorsement in the Policy excludes from coverage "all causes of action arising out of 'bodily injury' to any 'employee', subcontractor, employee of any subcontractor, 'independent contractor', employee of any 'independent contractor', 'temporary worker', "leased worker', 'volunteer worker' or any person performing work or services for any insured because of 'bodily injury' including care and loss of services." Policy at 21. Plaintiff argues that this language excludes the Underlying Action from coverage as a matter of law because, at the time of the Incident, "Mr. Visuma was an employee of a subcontractor on the Project and his alleged bodily injuries arose out of his work on the Project." Pl.'s Mem. in Supp., ECF No. 15-1, at 6. In response, Nordic avers that there are genuine issues of material fact "as to whether [Visuma] was the employee of a subcontractor at the time of the [Incident]." Def.'s Opp'n at 1. Nordic implies that a trier of fact could find that JMCS was not a subcontractor on the project, and argues that Visuma was likely not an employee of JMCS, but rather an independent contractor. *Id*. at 7–8; Def.'s LRS at ¶ 4. Nordic further asserts that the Employee Endorsement does not exclude an "independent contractor of any subcontractor," such that if Visuma was such an independent contractor of a subcontractor, the exclusion would not apply. Nordic also suggests that if the Exclusion language in this regard is determined to be ambiguous the Policy must be construed in favor of coverage. *Id.* at 9–10.

The Court finds that there is no genuine dispute of material fact that Visuma was an employee of a subcontractor and therefore the injuries he allegedly suffered are excluded from coverage under the Policy's Employee Endorsement. Further, the Court finds that the Policy unambiguously excludes independent contractors, and so Visuma would be excluded even if there was a factual dispute as to whether he was an employee or an independent contractor of a subcontractor.

*Visuma's Status*

Nordic expressly admits, in its Local Rule 56(a)(2) statement, that (1) it subcontracted the Project's flooring work to Dalene; (2) Dalene subcontracted carpet installation on the Project to JMCS; (3) Visuma was employed by JMCS Flooring at the time of the Incident; and (4) on the date of the incident, Visuma was installing carpeting on the Premises as part of the Project and, while carrying a vacuum that he had used during the course of that installation, he fell down the stairs. Def.'s LRS at ¶¶ 9–15.[6] These admissions are dispositive as to Visuma's employment status. JMCS was a subcontractor performing work for the insured (Nordic), Visuma was an employee of that subcontractor, and his alleged bodily injury arose out of and in the course of service to the insured. Visuma's alleged injuries are therefore excluded from coverage by the Policy.

Even had Nordic not made these admissions, there would still be no factual dispute as to Visuma's status as an employee of a subcontractor. Although Nordic relies on Visuma's deposition testimony, in which he testified that he never received W-2 forms from JMCS, but did receive 1099 tax forms, and where he stated at one point, though later contradicted himself, that he was unsure whether or not he had filed a worker's compensation claim or received benefits, Def.'s Opp'n at 7–8, this testimony does not create an issue of fact. In its Reply, Plaintiff offers records from the State of Connecticut Worker's Compensation Commission, which demonstrate that Visuma filed a workers compensation claim dated February 26, 2021, which was received by the

---

[6] Though Nordic attempts to manufacture genuine issues of material fact in its Opposition brief with respect to JMCS and Visuma's status, the admissions in its Local Rule 56(a)(2) statement constitute binding judicial admissions. *Setevage v. Dep't of Homeland Sec.*, 539 F. App'x 11, 13 (2d Cir. 2013). Nordic may not "walk back these admissions to create genuine issues of material fact." *Bridgeport Music Inc. v. TufAmerica Inc.*, No. 23-7386-CV, 2024 WL 4929257, at *3 (2d Cir. Dec. 2, 2024) (quoting *McKinney v. City of Middletown*, 49 F.4th 730, 744 (2d Cir. 2022)). "If [Defendant] did not agree with these particular factual assertions by [Plaintiff], it should not have admitted them." *Opal Fin. Grp., Inc. v. Opalesque, Ltd.*, No. 3:08-CV-1403 CSH, 2014 WL 5587004, at *15 (D. Conn. Nov. 3, 2014), *aff'd*, 634 F. App'x 26 (2d Cir. 2015) (holding that Local Rule 56(a)(2) admissions are binding, and remain so through summary judgment to trial).

Commission on March 1, 2021. Pl.'s Reply at 8; Pl.'s Reply, Ex. 7, Notice of Claim, ECF No. 24-1 at 1. On the Notice of Claim, Visuma listed his employer as "JMCS Flooring, LLC," and provided February 15, 2021, the date of the Incident, as his date of injury. *Id.* His description of how the injury happened on the Worker's Compensation claim form is substantially similar to that in his complaint in the Underlying Action. *Id.* After he applied for Worker's Compensation the parties, to include his employer, reached a voluntary agreement that he be paid $419 per week for lost wages, *see* Ex. 8, Voluntary Agreement, ECF No. 24-2, and JMCS "accepted" his alleged injuries to his ribs, back, and shoulder. S*ee* Ex. 10, Judge's Notes—Informal, ECF No. 24-4.

Connecticut courts "have long recognized that independent contractors are not within the coverage of the [Worker's Compensation] Act." *Rodriguez v. E.D. Constr., Inc.*, 126 Conn. App. 717, 728 (2011) (quoting *Chute v. Mobil Shipping & Transp. Co.*, 32 Conn. App. 16, 19 (1993)). And several Connecticut courts have held that receipt of worker's compensation benefits is indicative of an individual's status as an employee. *See Velardi v. Ryder Truck Rental, Inc.*, 178 Conn. 371, 376 (1979) ("Significantly, the plaintiff was enabled to receive workmen's compensation benefits for his injuries only because the defendant, as employer, maintained workmen's compensation insurance coverage for his employees, including the plaintiff."); *Sullivan v. Conniff*, No. CV020463372, 2004 WL 2039873, at *5 (Conn. Super. Ct. Aug. 17, 2004) (same, quoting *Velardi*, 178 Conn. at 376); *Smith v. J.P. Alexandre, LLC*, No. CV044005356S, 2009 WL 2505192, at *3 (Conn. Super. Ct. July 26, 2009) (holding that there was "no real dispute" that plaintiff was an employee because, *inter alia*, "the plaintiff considered himself an employee as evidenced by his filing of a claim for workers' compensation benefits," and "[t]he defendant maintained a workers' compensation policy covering the plaintiff").

Between the admissions discussed above and the undisputed fact that Visuma received worker's compensation benefits arising from the Incident, there is "no real dispute," as was the case in *Smith,* that Visuma was an employee of JMCS and was conducting work on the Project in service to Nordic. His injuries are therefore excluded from coverage under the Policy.

*Independent Contractors Excluded*

Even if Visuma was an "independent contractor of a subcontractor," as Nordic posits, the Employee Endorsement would still apply to him and his injuries would be excluded from coverage.

Nordic prefaces its argument by noting that "'[p]olicy exclusions 'should be construed in favor of the insured unless it has a high degree of certainty that the policy language clearly and unambiguously excludes the claim.'" Def.'s Opp'n. at 9 (quoting *Conn. Ins. Guar. Ass'n v. Drown*, 314 Conn. 161, 188 (2014)). Nordic then contends that the language in the Employee Endorsement is "so explicit that any terms not included thereunder should not be excluded from coverage[.]" Def.'s Opp'n at 10. Without naming it, Nordic essentially invokes the *ejusdem generis* canon of construction, which holds that "when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same class as those listed." *Cosm. Laser, Inc. v. Twin City Fire Ins. Co.*, 554 F. Supp. 3d 389, 401 (D. Conn. 2021) (quoting BLACK'S LAW DICTIONARY (11th ed. 2019)). But Nordic's argument misses the mark. "Where, as here, the language is clear and unambiguous, the Court need not utilize a canon of construction to aid in interpretation." *Dr. Jeffrey Milton, DDS, Inc. v. Hartford Cas. Ins. Co.*, 588 F. Supp. 3d 266, 273 (D. Conn. 2022).

The exclusion in the Employee Endorsement is not ambiguous. It "applies to all causes of action arising out of 'bodily injury' to **any … 'independent contractor'**, employee of any 'independent contractor',… or any person performing work or services for any insured[.] Policy

at 21. (emphasis added). And the Policy further defines an "independent contractor" as "one that contracts to do work or perform a service for another and that retains control over the means or methods used in doing the work or performing the service." *Id.* The Connecticut Supreme Court has explained that "in the absence of a clear limitation in the text of a contract, the word 'any' gives the resulting phrase an expansive meaning." *Centerplan Constr. Co., LLC v. City of Hartford*, 343 Conn. 368, 397–98 (2022) (citing *Salce v. Wolczek*, 314 Conn. 675, 686, 104 A.3d 694, 700 (2014)). And "the fact that a term is broad in scope does not necessarily make it ambiguous." *Coregis Ins. Co. v. Am. Health Found., Inc.*, 241 F.3d 123, 129 (2d Cir. 2001). Here, the Policy's definition of the term "independent contractor" and the exclusion from coverage of "any… independent contractor" combine to include Visuma as falling within the scope of the exclusion.

Although there is no genuine issue of material fact that Visuma was an employee of JMCS, a subcontractor, the Court also concludes that even if Visuma were an independent contractor of JMCS, his injuries would still be excluded from coverage under the Policy's Employee Endorsement. Thus, the purported factual dispute raised by Nordic as to Visuma's employment status at the time of his injury is immaterial to the coverage question.[7] There is no genuine issue of material fact that the bodily injury allegedly suffered by Visuma was excluded from the Policy by the Employee Endorsement, and Plaintiff therefore has no duty or obligation to indemnify Nordic for any judgment entered against it and/or settlement entered into on its behalf in the Underlying Action.

---

[7] The issue of fact that Nordic attempts to raise regarding the status of JMCS is similarly immaterial. Nordic contends that because Visuma's deposition testimony contained some uncertainty as to which contractor hired JMCS or how JMCS got the job, that "a question of material fact remains regarding the involvement of JMCS on the project." Def.'s Opp'n at 7. However, under the broad language of the exclusions in the Employee Endorsement, it is immaterial whether JMCS was a subcontractor or an independent contractor, for the same reasons that it is immaterial whether Visuma was an employee of a subcontractor or an independent contractor of a subcontractor.

11

**Conclusion**

For the foregoing reasons, Atain's Motion for Partial Summary Judgment (ECF No. 15), is GRANTED.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of July, 2025.

                                                */s/ Kari A. Dooley*
                                                KARI A. DOOLEY
                                                UNITED STATES DISTRICT JUDGE